**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| Civil Action No.:  05–cv–0375-REB-BNB | ) |
| | ) |
| QWEST CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AT&T CORP., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

Discovery in this action involves or may involve the disclosure of documents, material, and information potentially entitled to protection under Fed. R. Civ. P. 26(c), including, but not limited to, proprietary business information, financial information, and product information of the parties.  Pursuant to Rule 26(c),

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material, and information disclosed in the course of discovery in this action that any party may deem to be potentially entitled to protection under Fed. R. Civ. P. 26(c):

1.      Definitions.

(a)     "Confidential Material" shall mean all documents, material, and information entitled to protection under Fed. R. Civ. P. 26(c) and designated pursuant

-1-

to paragraphs 2 and 3 hereof, including, but not limited to, interrogatory answers, responses to requests for admission, documents produced during discovery by any party in this action, whether produced voluntarily, in response to an informal request, in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, and any portions of pleadings, court papers or any other documents that quote from or summarize any of the foregoing.

(b)     "Producing Party" means any person, whether or not a party to this Proceeding, who produces Confidential Material in the course of any pretrial activities or settlement of this lawsuit, including but not limited to in response to discovery requests propounded pursuant to Fed. R. Civ. P. Rules 26 through 37 or Rule 45.

(c)     "Receiving Party" means any person, whether or not a party to this Proceeding, who has received Confidential Material from a Producing Party in the course of litigation or settlement of this lawsuit.

2.     Two Types of "Confidential Material."  Any party may designate any document, material, or information produced by it to any other party as "Confidential Material."  There shall be two designations of "Confidential Material":  (a) Confidential; and (b) Highly Confidential.  Confidential Material shall include documents, information, and material that constitutes or reveals a trade secret or other confidential research, development or commercial information that is subject to protection under Fed. R. Civ. P. 26(c).  Producing Parties shall not designate as "Confidential" any material that constitutes information that is publicly available at the time of disclosure.  "Highly Confidential" material shall include only particularly sensitive material that constitutes or reveals trade secrets (including, but not limited to,

technical information regarding a party's telecommunications and data networks and information regarding products or services), financial information or plans, or business plans. Confidential Material designated as Confidential and Confidential Material designated as Highly Confidential shall be treated in the same manner under this Order, except that Confidential Material designated as Highly Confidential shall be entitled to certain additional protections described below in paragraph 8.

   3. <u>Designation of Material as "Confidential Material."</u>  A Producing Party may designate any document, material, or information produced by it to any other party as Confidential Material, pursuant to these procedures:

    (a) In the case of documents or other written or recorded information, the Producing Party shall mark the information with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, on all pages of any document or on the face of, or in some similar and conspicuous manner, any machine-readable medium of electronic information.  A Producing Party shall make the designations permitted hereunder either at the time the material is produced or prior to the time that it is made available for inspection.  If a document containing Confidential Material is so designated and marked as a deposition exhibit, such exhibit, if filed, shall be filed under seal.

    (b) If testimony concerning Confidential Material is elicited at a deposition, hearing or at trial, such testimony shall be treated as Confidential Material for thirty (30) days.  During that thirty (30) day period, counsel for any party may designate the entirety of, or a specified portion of, the transcript of such testimony as

Confidential Material. If such a designation as Confidential Material is made, such transcript or such portion thereof shall be so treated and filed under seal. Any transcript of testimony or portion thereof not designated as Confidential Material within the thirty (30) day period shall not be treated as Confidential Material after the expiration of the thirty (30) day period.

(c) Any document, material, or information designated by a party as Confidential Material must be reviewed by an attorney. The designation of any document, material, or information as Confidential Material, in the manner described hereunder, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). The parties shall endeavor to limit the use of the Confidential and Highly Confidential designations to those documents and materials that genuinely warrant the protection provided under the terms of this Stipulated Protective Order.

(d) Section 3(c) above notwithstanding, the parties acknowledge that material has been designated as Confidential and Highly Confidential prior to the entry of this Order under standards for such designations that may differ from those set forth herein. The parties further acknowledge that no party is obligated to re-designate such previously-designated material under the standards set forth herein. The parties shall, however, have the right, under the standards and procedures set forth herein, to challenge the designation of material as Confidential or Highly Confidential pursuant to the procedures set forth in Section ~~19~~ *17* below.

4. <u>Inadvertent Failure to Designate.</u> A Producing Party that inadvertently fails to designate its material as Confidential or Highly Confidential may so designate

4

it promptly after discovering the error.  The Producing Party shall so designate in writing to every Receiving Party and shall either provide replacement copies of all documents affected by the change bearing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend or, if agreeable to the Receiving Party, reimburse the Receiving Party for the actual cost of remarking the affected documents.  In that event, and from that time forward, the provisions of this Stipulated Protective Order shall apply to the newly designated material, and the Receiving Party shall make reasonable efforts to return any unmarked Confidential Material to the Producing Party within five (5) business days of any written notice requesting its return, and to retrieve the Confidential Material from those to whom it previously had been disclosed, but shall have no other responsibility or obligation with respect to the earlier dissemination.  The Receiving Party may thereafter challenge the appropriateness of the Producing Party's designation of the Confidential Material as such, but the inadvertent production of the Confidential Material without the confidentiality designation shall not constitute a waiver of any claim of confidentiality.

     5.    <u>Treatment of Confidential Material</u>.  All Confidential Material shall be treated in accordance with the provisions of this Order until such designation has been released by the Producing Party or by order of the Court.  Nothing herein, however, shall limit disclosure of Confidential Material by the Producing Party, but such disclosure may be used as evidence of a waiver of a right to protection in any proceeding hereunder challenging such designation.

6. <u>Disclosure of Confidential Material in General</u>.  Confidential Material may be disclosed only to the following and solely for the purposes of preparing for, prosecuting, defending, or appealing this action:

(a) Employees and agents of the parties who have been provided with a copy of this Stipulated Protective Order and advised that they are bound by its terms;

(b) Counsel for the parties, including in-house counsel who are involved in prosecuting or defending this case, outside counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, document management services, and graphics services);

(c) Experts retained for consultation or for testimony, subject to the terms of paragraph 7;

(d) Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witness shall be shown only such Confidential Material as counsel shall reasonably deem necessary to allow for the full and fair exploration and presentation of information possessed by the Potential Witness, subject to the terms of paragraph 7;

(e) The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the action or any appeal therefrom; and

(f) Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned to assist by the Court.

**7.    Disclosure of Confidential Material to Outside Experts, Consultants, or Potential Witnesses.**  Upon a good faith determination by an attorney representing a party that he or she needs to consult with experts, consultants, or Potential Witnesses who are not employees of that party with respect to particular Confidential Material produced by any person or entity, including those described in paragraphs 6(c) and 6(d), such documents may be disclosed to such persons provided as follows:

**(a)    Prior to disclosure of any Confidential Material to such person, such person shall sign an Agreement to Abide by Stipulated Protective Order in the form attached hereto as Exhibit A, stating the signatory's full name, address, present employer, and relationship to a Party, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or her agreement to be bound by its terms;**

**(b)    Each such signed statement shall be retained by the attorney disclosing any Confidential Material pursuant to this paragraph 7, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel; and**

(c)    This provision shall not apply to any Potential Witness who counsel can readily determine either authored or received the document containing the Confidential Material.

**8.    Highly Confidential Materials.**  Notwithstanding anything contained in paragraphs 6 and 7 hereof, Highly Confidential Materials may not be disclosed to employees and agents of the Receiving Party, other than in-house counsel who are involved in prosecuting or defending this case, without the written agreement of the Producing Party or further Order of this Court.  Before disclosure of any material designated as Highly Confidential is made to any non-party witness or consulting or testifying expert ("non-party"), the party wishing to make such a disclosure (the "disclosing party") shall advise counsel for the party that designated the Highly Confidential Material (the "designating party") of the anticipated disclosure.  In addition, the disclosing party shall provide the designating party with sufficient information about the non-party to enable the designating party to determine whether to object on the ground that the disclosure would result in revealing Highly Confidential information to a competitor or would result in competitive harm.  The designating party shall have five (5) business days in which either to agree in writing to the disclosure or to file a motion with the Court seeking to prevent or limit disclosure to such non-party.  If a motion to prevent or limit disclosure is filed with the Court, the party wishing to make the disclosure shall submit to the Court, *in camera,* sufficient information about the non-party, as well as identification of the documents that the party intends to disclose, to enable the Court to rule on the pending motion.  If a motion to prevent or limit disclosure is filed with the Court, no

**disclosure shall be made pending a ruling by the Court on such motion. The Court will rule on the motion as soon as practicable after receipt of the information submitted *in camera*.**

9.  <u>Disclosure to Employee of a Telecommunications Company.</u>  If a party wishes to retain a consultant or expert who is an employee of or an independent contractor to a Telecommunications Company, such party shall provide written notice to the Producing Party identifying the person, his or her address, his or her present employer(s), and a description of the nature and purpose of the intended disclosure, and providing a curriculum vitae, before disclosing any Confidential Material to such person.  Such notice shall be accompanied by written acknowledgement by the person to whom the disclosure is to be made, in the form of Exhibit A to this Order, stating that he or she has read and understands this Order and agrees to be bound by its terms.  The Producing Party shall have ten (10) calendar days after receiving notification within which to object in writing to the proposed disclosure.  If the parties cannot reach agreement, the engaging party shall not disclose the Confidential Material to its expert or consultant unless it first obtains approval from the Court to do so.  The engaging party shall bear the burden of demonstrating to the Court good cause for such disclosure under Fed. R. Civ. P. 26(c) and, further, must demonstrate why an expert or consultant with similar skills, knowledge and experience who is not an employee of a Telecommunications Company cannot be engaged.  If during the course of this litigation any expert or consultant retained by a party becomes an employee of a Telecommunication Company, then the provisions of this paragraph shall apply with

respect to any Confidential Material is to be disclosed to such expert or consultant after such person becomes an employee of a Telecommunications Company, as well as to such person's continued retention of any previously disclosed Confidential Material.

      10.    <u>Disclosure of Confidential Information at Depositions.</u>  Each deponent to whom Confidential Material is disclosed shall be provided with a copy of this Stipulated Protective Order.  Following entry of this Stipulated Protective Order, a deponent and his or her counsel may not object to a question on the grounds that it calls for the disclosure of information that qualifies as Confidential Material; rather, a deponent and his or her counsel, or counsel for either party, may designate that portion or portions of the deposition as Confidential or Highly Confidential pursuant to the procedure set forth in paragraph 3(b).  No person shall be present during any deposition at which testimony concerning Confidential Material is elicited unless such person is authorized under the terms of this Stipulated Protective Order to receive Confidential Material, or unless the Producing Party consents to such person being present.  If a document containing Confidential Material is so designated and marked as a deposition exhibit, such exhibit shall, if filed, be filed under seal.

      11.    <u>Use of Confidential Material</u>.  Any Receiving Party or person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall use, disclose, copy and retain Confidential Material solely for the purposes of litigating or settling this lawsuit, including any appeals thereof, and all other purposes whatsoever are strictly prohibited.  Confidential Material may be used by any party at trial or on any appeal of this matter; provided, however, that all parties reserve their respective rights to request the Court to take

appropriate measures to preserve the confidentiality of such material at trial, and provided further that the parties hereto reserve until trial their right to question, challenge, or object to the admissibility of such Confidential Material in accordance with the Federal Rules of Evidence or the Federal Rules of Civil Procedure.

12. <u>Filing Confidential Material</u>.  Any party wishing to include, disclose, or attach any Confidential Material as part of or with any pleading, motion, brief, or other paper filed with the Clerk of this Court, shall move to have the material filed under seal in accordance with the Court's applicable rules, including but not limited to any rules for filing motions to file materials under seal.  Copies of the papers filed under seal shall be timely served on counsel for the parties.  Should the need arise during any pre-trial proceeding before the Court, a party may cause Confidential Material to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

13. <u>Counsel's Responsibility.</u>  Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

14. <u>Third Party Materials.</u>  If any party in this action receives or has previously received confidential documents from a third party, then, prior to production of such third party documents, the Producing Party may designate such

documents as Confidential Material pursuant to the terms of this Stipulated Protective Order.

15.     Designation by Third Parties.  If a third party produces confidential documents, material or information in this action, pursuant to a Notice of Deposition or Subpoena Duces Tecum, the third party may make a good faith designation of such documents, material or information as Confidential Material, to be treated by the parties to this action in accordance with the terms of the Stipulated Protective Order.

16.     No Waiver of Other Rights.  Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

**17.     Objections to Designations.**

A party may object to the designation of particular Confidential Material as Confidential or Highly Confidential by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made (and, in the case of information designated as Highly Confidential, the notice shall specify whether the party objects to the material being treated as Confidential).  Within ten business days, the parties shall negotiate in good faith to resolve the objections specified in the notice.  If the parties cannot resolve the objection within such ten-day period, the party designating the information as Confidential or Highly Confidential may, within five business days thereafter, file an appropriate motion requesting that the Court determine whether the disputed

information should be so designated under the terms of this Stipulated Protective Order, and until the Court rules on such motion, the disputed information shall retain its designation under the terms of this Stipulated Protective Order. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose the objected-to designation under this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Highly Confidential shall bear the burden of establishing that good cause exists for the disputed information to be so treated.

**18. Limitations of Protective Order. Notwithstanding this Stipulated Protective Order, a Receiving Party may use, reproduce and disclose, in any manner or for any purpose, any information that either was lawfully in its possession prior to being designated Confidential Material in this Proceeding, was obtained from another source without restriction on its use or dissemination (assuming that the other source was authorized to permit such use or dissemination), or is the subject of an Order of a court of competent jurisdiction that allows the unrestricted use, reproduction or disclosure of the Information. Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26.**

19. <u>Termination of Action.</u> Within sixty (60) days of termination of this action, including all appeals, or the deadlines for filing such appeals (whichever comes

later), all persons, including but not limited to counsel in possession of Confidential Material shall, at the option of the Producing Party, either return to the Producing Party or destroy all Confidential Material produced in this action, including any copies, extracts, or summaries thereof.  Counsel in possession of Confidential Material shall provide the Producing Party with a written verification that all copies of the Confidential Material have either been returned to the Producing Party or destroyed in accordance with the instructions of the Producing Party.  Unless otherwise stipulated in writing, all Highly Confidential Material must be returned to the Producing Party.  Notwithstanding these requirements, outside counsel for each party may retain one copy of every pleading, filing, correspondence, or working document for counsel's archives that includes Confidential Material.

    20.   <u>Unauthorized Disclosure</u>.  In the event that Confidential Material is disclosed to someone not authorized under the terms of this Stipulated Protective Order to receive such information, counsel of record for the party involved with the disclosure shall immediately give notice to counsel of record for the Producing Party describing the circumstances surrounding the unauthorized disclosure.

    21.   <u>Survival of Obligations.</u>  The termination of this proceeding shall not relieve the parties hereto and those persons listed in Paragraph 6 above from the obligation of maintaining the proper treatment of Confidential Material pursuant to this Stipulated Protective Order which is not used at trial or is used at trial under restrictions designed to exclude from the public record those portions of the material that were designated as Confidential Material.  This provision shall not apply to any Confidential Material that is the subject of a superseding ruling of the Court as to the scope of its disclosure.

22. <u>Storage.</u>  Each Receiving Party shall maintain Confidential Material in secure and safe offices and shall exercise the same degree of care in handling Confidential Material as a reasonably prudent person would in handling proprietary or confidential information.

23. <u>Modification of this Protective Order.</u>  The provisions of this Stipulated Protective Order may be modified at any time by stipulation of the parties approved by Order of the Court.  In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the Rules of the Court, including a modification that seeks additional or lesser protections for Confidential Material.  Agreement to the terms of this Stipulated Protective Order, or its entry by the Court, is not grounds for denial of any motion for modification.

**IT IS SO ORDERED.**

Dated February 6, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED TO THIS ___ DAY OF _____, 2006 BY THE UNDERSIGNED COUNSEL FOR THE PARTIES:

| | |
|---|---|
| s/Steven J. Perfrement<br>B. Lawrence Theis<br>Steven J. Perfrement<br>Musgrave & Theis LLP<br>370 Seventeenth Street<br>Suite 4450<br>Denver, CO  80202<br>ph. (303) 485-4700<br>fax (303) 485-4725<br><br>**Attorneys for Plaintiff**<br>**Qwest Corporation** | s/Jane Michaels<br>Jane Michaels<br>Holland & Hart LLP<br>555 Seventeenth Street<br>Suite 3200<br>Denver, CO  80202<br>ph. (303) 295-8162<br>fax (303) 295-8261<br><br>David M. Schiffman<br>Sidley Austin LLP<br>One South Dearborn<br>Chicago, Illinois  60603<br>ph. (312) 853-7782<br>fax (312) 853-7036<br><br>Paul J. Zidlicky<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington D.C.  20005<br>ph. (202) 736-8000<br>fax (202) 736-8711<br><br>**Attorneys for Defendants**<br>**AT&T Corp., et al.** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 05-RB-375 (BNB)   ))
))
QWEST CORPORATION,   ))
))
      Plaintiff,   ))

   v.

AT&T CORP., *et al.*,

      Defendants.

_____

**AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER**

    I, _____, acknowledge that I have read the provisions of the Stipulated Protective Order entered into by the parties in the above-captioned case, concerning restrictions on access to, disclosure of, and use of Confidential Material produced by said parties to the Stipulated Protective Order. I agree to be bound by the provisions of that Stipulated Protective Order with respect to any Confidential Material that may be disclosed or made available to me pursuant to that Order.

    Dated: _____

                              Signed:

                              Title:

                              Present Employer:

                              Address:

                              Relationship to Party: ____