IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00375-REB-BNB

QWEST CORPORATION,

Plaintiff,

v.

AT&T CORP.
AT&T COMMUNICATIONS, INC.,
AT&T COMMUNICATIONS OF THE PACIFIC NORTHWEST, INC.,
AT&T COMMUNICATIONS OF THE MIDWEST, INC.,
AT&T COMMUNICATIONS OF THE MOUNTAIN STATES, INC., and
AT&T COMMUNICATIONS OF THE SOUTHWEST, INC.,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
_____

This matter is before me on the **Unopposed Motion to Amend Scheduling Order and Trial Preparation Conference Order** [Doc. # 48, filed 2/23/06] (the "Motion"). The Motion requests that the deadlines for expert witness designations be extended, that a separate discovery cut-off be established for expert witnesses, and that the motion for filing Rule 702 motions be extended. As grounds for the Motion, the plaintiff states that the case involves an enormous number of documents, stated to exceed 8 million, and that 20 attorneys have been working full time to review documents to be disclosed through discovery. Because of the enormous volume of documents, the plaintiff states that "it is not workable t try to complete fact and expert discovery on the same schedule."

I find that the plaintiff has established good cause justifying the requested extensions. Accordingly,

IT IS ORDERED that the Motion is GRANTED insofar as it seeks extensions of the deadlines for expert witness designations and that a separate discovery cut-off be established for expert witnesses. The case schedule is modified to the following extent:

**Expert Discovery Cut-Off:**          **August 25, 2006**

(All expert discovery must be **completed** by the expert discovery cut-off.)

**Expert Disclosures:**

**(a)**   The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 29, 2006**

**(b)**   The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 28, 2006**

In addition, I respectfully RECOMMEND that the district judge extend the deadline for the filing of Rule 702 motions to and including **August 30, 2006**.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 28, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge